IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | **CHAPTER 13** |
| **ROBERT E. LEFEVER AND LINDA L. LEFEVER,** | **BANKRUPTCY NO. 16-16589** |
| Debtors. | |

## ORDER

AND NOW, on this 13th day of October, 2017 upon consideration of the Motion of Robert E. Lefever and Linda L. Lefever (the "Debtor"), for Authority to: (1) Sell Residential Real Property Located at 3148 Pinch Road, Manheim PA 17545 [Tax Parcel No. 540-11428 (the "Property") Free and Clear of all Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363 and (2) Compensate Real Estate Brokers (the "Motion"), and after notice to creditors and parties in interest; it is hereby

**ORDERED,** that the Motion is **GRANTED**; it is further

**ORDERED,** that pursuant to 11 U.S.C. § 363(b) and by the issuance of this Order, the Debtor is authorized, empowered and directed to execute and deliver the necessary documents to transfer and sell the Property to Stephen and Brittany Weiler (collectively, the "Purchasers") for the purchase price of $305,000.00[1] pursuant to the terms and conditions of the Agreement of Sale (the "Agreement of Sale") attached to the Motion as Exhibit "A" (if there is any inconsistency between the Agreement of Sale and this Order, this Order shall control); it is further

**ORDERED,** that the Debtor be and hereby is permitted to sell the Property to the Purchasers free and clear of any and all liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims against the Debtor or his property, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, notice or unnoticed, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Liens and Claims") except for the First Mortgage held by John F. and Christine J. Markel; it is further

**ORDERED,** that the Liens and Claims shall attach to the proceeds of sale described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code; it is further

**ORDERED,** that the transfer of the Property to the Purchasers constitutes a legal, valid and effective transfer of the Property and shall vest the Purchasers with all right, title and interest of the in and to the Property, free and clear of all Liens and Claims; it is further

**ORDERED,** that the Purchase Price provided by the Purchasers for the Property is fair and reasonable. The Purchase Price was negotiated, proposed and entered into without collusion, in good faith and from an arm's length bargaining position "within the meaning of § 363(f) of the Bankruptcy Code and *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986)"; it is further

---

[1] In accordance with the Agreement of Sale, the Purchasers have paid a deposit in the amount of $1,000.00 which shall be credited at the time of closing on account of the purchase price.

2

**ORDERED,** at closing on the Property, the Debtor and/or Russell Property Group, LLC is authorized to distribute the proceeds from the sale of the Property as follows:

(a) First, the amount needed to satisfy the outstanding property tax and municipal liens due the applicable governmental authorities;

(b) Second, the current pay-off on the first, second and third mortgages to RMR HOLDINGS, LP;

(c) Third, the normal and customary closing costs including, but not limited to, transfer taxes and recording fees;

(d) Fourth, Debtors' 522(d)(1) exemptions;

(e) And as part of Debtors' 522(d)(1) exemptions, the sum of $7,015.43 shall be paid to Trustee William C. Miller, Esquire, with this sum to be paid, by the said Trustee, to the Department of the Treasury as an adequate protection payment on the priority claim of the Internal Revenue Service; and it is further

ORDERED that the title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the Trustee immediately upon the close of the settlement, and the Trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

BY THE COURT:

_____
HONORABLE MAGDELINE D. COLEMAN,
UNITED STATES BANKRUPTCY JUDGE

3